UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS RICHARDS,

Plaintiff,

v. CASE No. 8:04-CV-2532-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

Defendant.

---

O R D E R

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[1] Because the decision of the Commissioner of Social Security fails adequately to consider the plaintiff's alleged impairment of chronic fatigue syndrome, the decision will be reversed and the matter remanded for further proceedings.

I.

The plaintiff, who was fifty-two years old at the time of the administrative hearing and who has a high school education, has worked

---

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 10).

primarily as a telephone cable splicer/repairman (Tr. 25, 26). He filed a claim for Social Security disability benefits, alleging that he became disabled due to colitis, depression, chronic sinusitis, back pain, prostate cancer and bone pain (Tr. 90A). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff suffers from degenerative disc disease with small herniated nucleus pulposus at L3-4, which is a severe impairment (Tr. 20). He concluded that this impairment limited the plaintiff to light work which involved only occasional climbing, balancing, stooping, crouching, kneeling or crawling (id.). The law judge ruled that these limitations precluded the plaintiff from performing his past relevant work (id.). However, based on the testimony of a vocational expert, the law judge determined that the plaintiff could perform jobs that exist in the national economy, such as small products assembler, ticket taker, and mail clerk (Tr. 20-21). Accordingly, the law judge decided that the plaintiff was not disabled (Tr. 21). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence,

and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The law judge, as indicated, found that the plaintiff suffers from the severe impairment of degenerative disc disease, which limits him to performing light work. The plaintiff contends that the law judge failed to consider his other alleged impairments and improperly disregarded his treating physician's opinion that his impairments are disabling (Doc. 12).

The plaintiff persuasively argues that the law judge failed adequately to consider his alleged impairment of chronic fatigue syndrome (CFS) (id. at pp. 5-6). The plaintiff testified at the hearing that chronic fatigue is the cause of his problems and that he has no energy (Tr. 31). His treating

physician, Dr. Bridget A. Bellingar, has diagnosed him as suffering from CFS (Tr. 337-38). The law judge, however, rejected the treating physician's finding of CFS. In this regard, he stated that (Tr. 15):

> Dr. Bellingar has ... diagnosed chronic fatigue syndrome, but this diagnosis has not been definitely established by acceptable medical and laboratory techniques and findings. The progress notes actually make little mention of fatigue and its precise onset, which benchmark [sic] is a criterion for diagnosis of the condition.

The law judge's reasoning is flawed on both of these points. Thus, with regard to the law judge's reliance on a lack of objective findings to establish CFS, the Eleventh Circuit noted in <u>Vega</u> v. <u>Commissioner of Social Security</u>, 265 F.3d 1214, 1219-20 (11th Cir. 2001):

> [T]he Social Security Administration [has] ... concluded that there are no specific laboratory findings that are widely accepted as being associated with CFS. According to Social Security ruling 99-2p, the hallmark symptom of CFS is the presence of clinically evaluated, persistent or relapsing chronic fatigue that is of new or definite onset and cannot be explained by another physical or mental disorder. Moreover, CFS is not the result of ongoing exertion, is not substantially alleviated by rest, and results in substantial reduction in previous levels of occupational, educational, social, or personal activities. There is no test for CFS....[A] lack of testing...does not preclude the diagnosis of CFS.

The law judge's decision fails to reflect an understanding of the nature of the disorder, as explained in Vega. Indeed, the law judge's reliance upon the lack of laboratory findings indicates a misunderstanding of the condition.

The Commissioner in her memorandum argues that the record does not show a legitimate diagnosis of CFS (Doc. 13, p. 13). There is nothing in the law judge's decision which indicates that he reached a conclusion along the lines urged by the Commissioner. Thus, the Commissioner's argument is a post hoc rationalization by litigating counsel and it does not provide the proper basis for judicial review. Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Company, 463 U.S. 29, 50 (1983).

Further, central to the law judge's conclusion that the plaintiff does not suffer from CFS is his misstatement that "[t]he progress notes actually make little mention of fatigue and its precise onset" (Tr. 15). As indicated, fatigue is a "hallmark symptom" of CFS. Vega v. Commissioner of Social Security, supra. Importantly, a review of Dr. Bellingar's progress notes show repeated references to the plaintiff's fatigue. Thus, fatigue was indicated in Dr. Bellingar's notes on July 31, 2002, August 14, 2002, October 9, 2002, October 15, 2002, March 19, 2003, August 13, 2003, and December

10, 2003 (Tr. 305, 309, 315, 326, 327, 329). Furthermore, Dr. Bellingar documented her impression that the plaintiff suffers from CFS in progress notes dated October 9, 2002, October 30, 2002, December 18, 2002, January 7, 2003, and March 19, 2003 (Tr. 315, 319, 320, 322, 327). Dr. Bellingar also stated that the plaintiff suffers from CFS in a Treating/Examining Source Statement of Physical Capability dated October 27, 2003 (Tr. 337-38). Therefore, the record does not support the law judge's statement that Dr. Bellingar's progress notes lack references to the plaintiff's fatigue.

It is appropriate to add that the law judge's insufficient treatment of the plaintiff's CFS also affects his discounting of Dr. Bellingar's opinion concerning the plaintiff's residual functional capacity. The law judge must give substantial or considerable weight to the opinion of the claimant's treating physicians unless good cause is shown to the contrary. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). The law judge did not acknowledge this established Eleventh Circuit principle in his decision. In any event, the principle was not satisfied with respect to Dr. Bellingar's opinions. Thus, the law judge discounted Dr. Bellingar's opinions because they are not supported by her own record or the objective studies (Tr. 17). However, as indicated, that is not a proper basis for discounting the diagnosis

of CFS, and that diagnosis supported Dr. Bellingar's opinion concerning the plaintiff's residual functional capacity (Tr. 337-38). Consequently, the erroneous assessment of the plaintiff's CFS also causes the discounting of Dr. Bellingar's opinion to be flawed.

In sum, the law judge's misplaced reliance on a lack of objective findings for CFS, coupled with his misstatement that the record lacks evidence of the plaintiff's fatigue, warrants a remand for further consideration of his determination that the plaintiff does not suffer from CFS. It is appropriate to add, but not order, that this issue could be resolved on remand by referral to a specialist in CFS for a consultative examination.

B. The plaintiff argues that the law judge erred in several other respects. Because the matter is being remanded, these other grounds are addressed briefly.

The plaintiff challenges the law judge's finding that his depression is not severe, arguing that the record does not support the law judge's determination that the plaintiff "never had any specific mental health treatment, and his treating physicians have not referred him for such therapy" (Doc. 12, p. 4; Tr. 15). However, the record supports the law judge's finding in this respect.

On the other hand, non-examining psychological expert Dr. Robert Stainback found that the plaintiff has moderate deficits in concentration and attention which limits the plaintiff to performing routine, repetitive tasks (Tr. 287, 289). The law judge did not include this limitation in the hypothetical presented to the vocational expert, and did not explain why he discounted this opinion. See Social Security Ruling 96-6P, 1996 WL 374180 at *1 (the law judge must state the weight given opinions of state agency psychological consultants). On remand, this opinion should be addressed.

The plaintiff has also argued that the "ALJ failed to articulate explicit and adequate reasons for rejecting [the plaintiff's] pain testimony" (Doc. 12, p. 8). In light of the remand for further consideration of the plaintiff's CFS, consideration of this argument is not warranted since the remand may well yield a new credibility determination.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby REVERSED and the matter REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this 15th day of March, 2006.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE